**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**GUILLERMO E. TORRES GOMEZ**<br>**XILMA D. LIZARDI BARBOSA**<br><br>**Debtor(s)** | **CASE NO. 03-13147 BKT**<br>**Chapter 13** |
| **GUILLERMO E. TORRES GOMEZ**<br>**XILMA D. LIZARDI BARBOSA**<br><br>**Plaintiff(s)**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>**Defendant** | **Adversary No. 13-00046 BKT**<br><br><br><br>**FILED & ENTERED ON 10/24/2014** |

**OPINION AND ORDER**

Before this Court is a Motion for Partial Summary Judgment ("Motion") filed by Plaintiffs, Guillermo E. Torres Gomez and Xilma D. Lizardi Barbosa ("Plaintiffs") [Dkt. No. 20], and Opposition to Plaintiffs' Motion for Summary Judgment filed by Defendant, Banco Popular de Puerto Rico ("Banco Popular" or "Defendant") [Dkt. No. 31]. For the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment is DENIED.

**I.      Factual Background**

1

This adversary proceeding stems from post-discharge issues pertaining to Plaintiffs' bankruptcy proceeding. On June 30, 1997, Plaintiffs executed a mortgage deed with their real property as security interest to guarantee a mortgage note in favor of Defendant. Thereafter, Plaintiffs defaulted on their mortgage payments**.** On December 2, 2003, Plaintiffs filed for relief under chapter 13 of the Bankruptcy Code. Plaintiffs' confirmed plan called for the payment of their mortgage arrearage through the plan, and the direct payment of their mortgage note to the Defendant outside of the plan.

On February 11, 2009, after completing their confirmed plan, the court granted the Plaintiffs a discharge ("Discharge Order"). After the chapter 13 trustee filed his Final Report and Account and certified that the bankruptcy estate had been fully administered, on April 28, 2009, the court entered an order discharging the trustee and closing the bankruptcy estate.

After the Discharge Order was entered, Plaintiffs defaulted on their mortgage. On May 14, 2010, Defendant filed a collection & foreclosure action against the Plaintiffs in state court ("State Court Action"). On August 18, 2011, the state court dismissed the State Court Action for failure to prosecute.

As a result of the filing of the State Court Action, on March 12, 2013, Plaintiffs filed the above captioned adversary proceeding. In their complaint, the Plaintiffs allege that pursuant to 11 U.S.C. § 524(a)(2), Defendant violated the discharge injunction. As a result, Plaintiffs argue that Defendant should be found in contempt, and request actual damages, punitive damages, attorney's fees, costs, and expenses.

On June 9, 2014, the Plaintiffs' filed their Motion, in which they argue that Defendant: (1) violated the automatic stay provision pursuant to 11 U.S.C. §362; and (2) violated the

discharge injunction pursuant to 11 U.S.C. §524. On August 4, 2014, Defendant filed its Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opposition"). The Defendant responds to Plaintiffs' Motion by arguing that (1) Plaintiffs' post-confirmation modified plan allowed the Defendant to collect and foreclose on Plaintiff's mortgage obligation; (2) the automatic stay provision was no longer in effect when the State Court Action was filed; and (3) Plaintiffs' do not allege in their Complaint that Defendant's actions were in violation of the discharge injunction. For the following reasons, this Court agrees with the Defendant.

## II.      Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). Pursuant to Fed. R. Civ. P.  Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable

3

inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial). "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005). Finally, after reviewing the aforementioned and "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56.

4

### III.      Legal Analysis

The main issues before the court are: (1) whether Defendant willfully violated the automatic stay; and (2) whether Defendant willfully violated the Discharge Order. As to the first issue, "[t]he automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code." In re Velez Arcay, 499 B.R. 225, 233 (Bankr. D.P.R. 2013). "It gives the debtor a 'breathing spell' from creditors and stops all collection efforts, all harassment, and all foreclosure actions." Id. The automatic stay imposes on creditors an affirmative duty of compliance. Id.

Section 362(c)(2)(C) states that "the stay of any other act . . . continues until[,] . . . if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied." 11 U.S.C. § 362. It is evident that the State Court Action commenced on May 14, 2010, after the Discharge Order was entered. Thus, the stay was no longer in effect at the time of said filing. See Chateau Communities, Inc. v. Miller, 252 B.R. 121, 125 (E.D. Mich. 2000) aff'd sub nom. In re Miller, 282 F.3d 874 (6th Cir. 2002). Therefore, this Court holds that Defendant could not have violated the automatic stay provision.

As to the second issue, Plaintiffs allege that Defendant willfully violated the standard discharge. Section 524 provides that a discharge under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524. In effect, "a discharge in bankruptcy relieves a debtor from all pre-petition debt, and § 524(a) permanently enjoins creditor actions to

collect discharged debts." <u>Bessette v. Avco Fin. Services, Inc.</u>, 230 F.3d 439, 444 (1st Cir. 2000), <u>amended on denial of reh'g</u> (Dec. 15, 2000).

However, "a secured creditor's demand for payment as a condition of satisfying a valid lien on property is not an act to collect a debt 'as a personal liability of the debtor' prohibited by § 524(a)(2)." <u>In re Cusato</u>, 485 B.R. 824, 828 (Bankr. E.D. Pa. 2013). This is so because "valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." <u>Estate of Lellock v. Prudential Ins. Co. of America</u>, 811 F.2d 186, 189 (3d Cir.1987). A secured creditor is "not prevented from postdischarge enforcement of a valid lien on property of the debtor . . . if the lien was not avoided under the Code." 4 Collier on Bankruptcy ¶ 524.02[2][d] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2012); <u>see also</u> <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (noting that "a discharge extinguishes only the personal liability of the debtor . . . a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy") (citations omitted). "As a matter of common sense, for a lien to be avoided during the bankruptcy case, some action must take place—presumably the entry of a court order—that serves expressly or by operation of law to avoid the lien." <u>Cusato</u>, 485 B.R. at 831.

In the matter at hand, there is no evidence that Defendant's lien was avoided. The confirmed plan calls for the maintaining of regular payments to the Defendant. At no point during the bankruptcy proceedings did the Plaintiffs challenge the validity or attempt to avoid the Defendant's lien. Therefore, this Court finds that there is no genuine issue as to whether Defendant violated the discharge injunction. It did not.

6

Lastly, the court directs both parties to P.R. LBR 9070-1. The rule states: "All exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator." P.R. LBR 9070-1. Any evidence presented that does not comply with this rule will not be admitted into evidence.

## IV.     Conclusion, Order, and Notice

There is no dispute as to any material fact in this proceeding. Further, it is evident from the motions filed that there is no dispute that it is the Defendant, not the Plaintiffs, who is entitled to judgment as a matter of law, WHEREFORE:

IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment shall be, and it hereby is, DENIED.

NOTICE IS HEREBY GIVEN pursuant to Fed. R. Civ. P. 56(f)(1) that unless the Plaintiffs file with the court and serve upon the Defendant on or before November 10, 2014, a pleading responsive to the court's determination that the Defendant is entitled to summary judgment as a matter of law (hereinafter, the "Plaintiffs' Response"), summary judgment in favor of the Defendant may be entered without further notice or a hearing.

IT IS FURTHER ORDERED that the Plaintiffs' Response, if filed, shall include:

(A) a list of each material fact to which it is contended there is a genuine issue to be tried, and/or

(B) a memorandum of law, and/or a statement otherwise showing cause, as to why summary judgment should not enter in favor of the Defendant in this proceeding.

7

IT IS FURTHER ORDERED in the event of the timely filing of Plaintiffs' Response, the Defendant shall file with the court and serve upon the Creditor on or before November 24, 2014, a reply thereto, following which the matter will be ripe for resolution by the Court.

In San Juan, Puerto Rico this 24th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico

8